# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARK C. JACKSON,

      Plaintiff(s),

v.

UNITED STATES
RICKY ROE, whose true name is unknown,

      Defendant(s).

---

## MOTION FOR DECLARATORY JUDGMENT AND REGISTRATION OF JUDGMENT

---

I, Mark C. Jackson, a veteran, come now, pursuant to SCOTUS Rule 40 and 38 U.S.C 2022 for the waiver of fees and Fed.R.Civ.P. Rule 57 for a declaratory judgment and 28 U.S.C. 1963 for the registration of a judgment for enforcement and submit the following:

### Index of Appendix

**Appendix A**—except from Administrative Law Judge decision admitting to prohibited personnel practice

**Appendix B**—Retaliatory Denial of Vocational Rehabilitation denying me Liberty

### Facts

1. This Court has Diversity of Citizenship jurisdiction since the value in controversy exceeds $75,000.00 and I or Ricky Roe conduct business or have an agent in Colorado (18 U.S.C. 1964 and 1965); but, I am currently in Florida.

2. The attached excerpt (Appendix A) is from an Administrative Law Judge Decision (04-31 819A, 2014 WL 5094720 (Bd. Vet. App. Aug. 4, 2014), which admits to a prohibited personnel practice (5 U.S.C. 2302) requiring me to be restored pursuant to 5 U.S.C. 1221 (g)(1)(A)(i and ii) and 5596 and 18 U.S.C. 1964(c).

3. I have suffered extortion pursuant to 18 U.S.C. 1951(b)(2).

4. I would own a home in Colorado if not for the prohibited personnel practice.

5. One of the objectives of the unwarranted personnel action or prohibited personnel practice was to prevent me from finishing a college degree to prevent me from entering the national economy or pursuing employment that is within my abilities, skills and interests by preventing me from qualifying for employment requiring a bachelor's degree or higher evidenced by the fact that it took ten years to complete a Vocational Rehabilitation Appeal; and, classes older than ten years cannot be transferred.

6. I suffered other illegal government interference in pursuit of a livelihood. The interference in pursuit of a livelihood was through in achieving the objectives of the prohibited personnel practice.

**Wherefore:** I respectfully request this court to do the following ex parte:

1. Allow me to proceed as a veteran without the prepayment of fees.

2. Register the judgment 04-31 819A, 2014 WL 5094720 (Bd. Vet. App. Aug. 4, 2014) for enforcement pursuant to 28 U.S.C. 1963.

3. Declare that the attached excerpt from 04-31 819A, 2014 WL 5094720 (Bd. Vet. App. Aug. 4, 2014 is an admission to a prohibited personnel practice (5 U.S.C. 2302) entitling me to be restored to a place I would have been had the prohibited

2

personnel practice not occurred, pursuant to 5 U.S.C. 1221 (g)(1)(A)(i and ii) and

5596 and 18 U.S.C. 1964(c), and failure to restore me pursuant to federal law is

a 5th or 14th Amendment violation and is extortion pursuant to 18 U.S.C. 1951

(b)(2).

4. Declare denationalizing a veteran is rebellion (Trop v. Dulles, The

Denationalization Case 356 U.S. 86 (1958)).

**Verification**

I certify under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

s/ Mark C. Jackson
**Mark C. Jackson**
7235 SE 10th Ave.
Starke, FL 32091
Telephone: (904) 263-3125
E-mail: markcjackson10@hotmail.com
Pro se

IN THE APPEAL OF                                    SS 235 98 6856
    MARK C. JACKSON

lack of cooperation, as discussed above. It would then have to be determined
whether or not the lack of cooperation or unsatisfactory conduct was due to
circumstances within the Veteran's control. *See* 38 C.F.R. § 21.364.

As the case stands, the Veteran satisfied every item required of him in the IEEP,
and had taken many important steps to begin the rehabilitation process, including
moving to a new apartment, enrolling in school, completing a semester of
coursework with a GPA well above what was required under the plan, and
undergoing neuropsychiatric testing which showed he had the cognitive and
psychological foundations for undergoing training and securing employment in his
chosen profession, and indeed had a strong aptitude for it. He should have been
supported in his efforts to continue in this positive direction with the aid of the VRE
program.

Accordingly, the denial of VRE benefits based on a finding of infeasibility was
improper, and the appeal is granted.

                              ORDER

Entitlement to reimbursement for the cost of a computer and associated equipment
purchased for VRE training is denied.

However, the March 2006 denial of VRE benefits under Chapter 31, Title 38,
of the United States Code on the basis that a vocational goal was not reasonably
feasible was in error, so the appeal is granted.

_____
                    KEITH W. ALLEN
        Veterans Law Judge, Board of Veterans' Appeals

                                                        APPENDIX A
                              - 33 -



**1000 Legion Place**
**Suite 1500**
**Orlando, FL 32801**

03/27/2006

Mr. Mark C. Jackson
3001 Sw Archer Rd.
Apt. 40
Gainesville, FL 32608

In Reply Refer to Both:
317 / 28
VA File Number:
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 / 00

Dear Mr. Jackson:

I regret I must deny your application for Vocational Rehabilitation and Employment services. I've determined it is unreasonable to expect that you could use our program to get and keep competitive employment at this time. This letter tells you:

- The reasons for my decision
- How this determination affects your other VA benefits
- Whether you can reapply if your condition improves
- What if you disagree with my decision

## Why did I make this decision?

I made this decision based on the information you and I had developed as of our last meeting. Specifically, in making my decision, I considered the following information:

➢ You do not have a valid Florida Drivers License. Your license was revoked sometime in the past. You have refused to tell us why your license was revoked and if it can be reinstated. Most employers require an employee to have a valid drivers license in order to be hired. Since you have not been forthcoming with the reasons why you do not having a drivers license. VR&E can not help you overcome this barrier due to your lack of cooperation.

➢ While involved in the CH 31 program, you have had difficulty attending medical, and case management appointments because of your transportation issues. At the present time, you are relying on public transportation. In order to secure and maintain employment, you must have a reliable way to get to and from work everyday. If you can't get to your medical and VR&E appointments, concerns have been noted over how you'd be able to get to work everyday.

APPENDIX B

2.

Mr. Mark C. Jackson, 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 / 00

> You have pending legal cases against the IRS, VA, and SSDI. You have indicated to SSDI and the VA that you are not capable of working. Your motivation and desire to return to work are in question. You appear to be very focused on your legal issues. It appears these issues may impact your ability secure and maintain employment.

> According to records you submitted to the Supreme Court, your financial situation is not stable. You have indicated you are in the process of loosing your home. You have not clarified whether this is your residence in Starke, Florida or your apartment in Gainesville, Florida. It does not appear your living situation is stable at this time.

> While in training, you had difficulty meeting your financial obligations, as well as paying for basic needs such as electricity and food. You were referred to local organizations for assistance. You were provided numerous resources in the local community where you could receive financial and social services. It appears you have elected not to pursue these referrals. VR&E can not help you overcome these barriers if you do not cooperate.

> You have refused to meet with this counselor to discuss your CH 31 case even though we offered to reimburse you for either the round trip mileage or a round trip bus ticket from Gainesville to Orlando. In order to participate in the CH 31 program, you must be willing to cooperate and attend the required meetings.

> You submitted a copy of your Fall 2005 job search log which reflected application for 2 work study positions at SFCC and Gainesville VAMC. It does not appear you are actively trying to locate employment at this time.

> You were asked to clarify whether or not you are utilizing the services available at The One Stop Career Center for employment purposes. To date, you have not clarified whether or not you are registered with this agency. In my conversation with The One Stop Career Center, I learned you are registered in Gainesville, but have not received any services since 09/22/2003. It does not appear you are using the services offered by this agency to locate suitable employment.

## Does my decision limit your entitlement to other VA benefits?

No. My determination does not limit your entitlement to any other VA benefits.